UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JA'QUA WASHINGTON,<br><br>    Plaintiff,<br>v.<br>CHRISTIAN HOME HEALTHCARE,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Ja'Qua Washington, by and through her attorney Christi Wallace, Esquire of Kraemer Manes and Associates, LLC., and hereby files this Complaint against Defendant, Christian Home Healthcare, alleging as follows:

### I. Nature of the Action

1. Plaintiff brings the complaint to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq*, the Wage Payment and Collection law ("WPCL"), 43 P.S. §260.1, *et seq*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq* because she has been underpaid wages and has been retaliated against for complaining of such unlawful treatment.

### II. Jurisdiction and Venue

2. This action arises under Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq*, the Wage Payment and Collection law ("WPCL"), 43 P.S. §260.1, *et seq*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff is a resident and a citizen of Pennsylvania, a substantial part of the events or omission giving rise to the claims occurred in Western Pennsylvania, and therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391 (b).

### III. Parties

4. Plaintiff, Ja'Qua Washington ("Plaintiff"), is an individual resident at 700 Parker Ave., Apt. 7, Braddock, PA 15104.

5. Defendant, Christian Home Healthcare ("Defendant"), is a Pennsylvania Corporation located at 801 Vinial Street, 2nd Floor, Pittsburgh, PA 15212.

### IV. Facts

6. Plaintiff began her employment with Defendant on March 16, 2015 as an Aide.

7. From the period of March 16, 2015 until May 11, 2016, Plaintiff was continually under paid. *See attached Exhibit A and B.*

8. Plaintiff tracks her time using a time sheet signed by the client indicating the time in and the time out. *See Exhibit A.*

9. Plaintiff complained several times that her paychecks were low and she was not being properly compensated.

10. To Plaintiff knowledge and belief, she was not paid the following amounts on the pay period end dates:

    a. 3/20/15: $ 33.50

    b. 3/27/15: $ 32.81

    c. 4/3/15: $ 30.17

    d. 4/24/15: $ 32.97

    e. 5/01/15: $ 30.33

    f. 5/08/15: $ 24

g.  5/15/15: $ 24

h.  5/22/15: $ 25.94

i.  5/29/15: $ 30

j.  6/05/15: $ 37.5 (Ms. Washington was overpaid on this date)

k.  6/12/15: $ 32.805

l.  6/19/15: $ 30

m.  6/26/15: $ 64.94

n.  7/03/15: $ 67.5

o.  7/10/15: $ 0

p.  7/17/15: $ 0.66

q.  7/24/17: $ 0

r.  7/31/15: $ 0

s.  8/07/15: $ 165

t.  8/14/05: $ 220

u.  8/28/15: $ 110

v.  9/04/15: $176

w.  9/11/15: $ 220

x.  9/25/15: $ 178.75

y.  10/02/15: $ 22

z.  10/09/15: $ 165.66

aa. 10/16/15: $ 0

bb. 10/23/15: $ 53.5 (Ms. Washington was overpaid on this date)

cc. 10/30/15: $ 49.5

dd. 11/06/15: $ 49.7

ee. 11/13/15: $ 0

ff. 11/20/15: $ 49.5

gg. 11/27/15: $ 7.5

hh. 12/04/15: $ 82.5

ii. 12/11/15: $ 214.5

jj. 12/18/15: $33

kk. 12/25/15: $74

ll. 1/01/16: $ 49.5 (Ms. Washington was overpaid on this date)

mm. 1/08/16: $ 159.5

nn. 1/15/16: $ 159.5

oo. 1/22/16: $ 588.5

pp. 1/29/16: $ 77

qq. 2/05/16: $ 49.5

rr. 2/12/16: $ 121

ss. 2/19/16: $ 77

tt. 2/26/15: $ 33

uu. 3/04/16: $ 49.5

vv. 3/11/16: $ 121

ww. 3/18/16: $ 819.5

xx. 3/25/16: $ 49.5

yy. 04/01/16: $ 93.5

zz. 04/08/16: $ 126.5

    aaa. 4/15/16: $ 588.5

    bbb. 4/22/16: $ 605

    ccc. 4/29/16: $ 11

    ddd. 5/06/16: $ 621.5

    eee. 5/11/16: $ 176

11. Plaintiff voiced her frustration to a secretary because she was not being paid correctly.

12. Following this, Plaintiff was told by India Christian ("Christian") that she got a message from the secretary that Plaintiff was asking for someone to look into the situation with her checks and not being paid properly. Christian stated she could not have someone working there jeopardizing her company's name.

13. Following this conversation, Plaintiff was terminated.

14. Plaintiff was terminated for complaining about unpaid wages.

## V. Causes of Action

### COUNT I
**Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq***

15. All preceding paragraphs are incorporated herein as if set forth at length.

16. Pursuant to 29 U.S.C.A. § 203(d) an employer is defined as the following: "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

17. Defendant is an employer under the FLSA because it is a corporation acting directly or indirectly in the interest of an employer in relation to an employee.

18. Pursuant to 29 U.S.C.A § 203(e)(1) an employee "means any individual employed by an employer."

19. Plaintiff is an employee under the FLSA because she is employed by Defendant, an employer.

20. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA under 29 U.S.C.A. § 203.

21. Defendant failed to pay Plaintiff's regular and overtime wages in violation of 29 U.S.C.A. §§ 206(b) & 207(a)(1) on numerous occasions.

22. Defendant also failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week in violation of the FLSA. See 29 U.S.C. § 207(a)(1).

23. Defendant's refusal to pay Plaintiff's wages and overtime was willful, wanton, intentional, and purposeful.

24. Defendant's acts and omission constitute an illegal failure to pay wages and overtime in violation of the FLSA.

25. As a direct result of Defendant's unlawful actions and omissions, Plaintiff suffered damages.

26. Plaintiff's amount and extent of overtime work is a matter of just and reasonable inference.

27. Plaintiff is entitled to an additional equal amount of unpaid wages as liquidated damages.

**COUNT II**
**Violation of the Wage Payment and Collection law ("WPCL"), 43 P.S. §260.1, *et seq***

28. All preceding paragraphs are incorporated herein as if set forth at length.

29. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of the WPCL and entitled to its protections.

30. Defendant is an employer covered by the WPCL because it is considered a person, firm, partnership, association, corporation, and/or an agent or officer employing persons in the Commonwealth of Pennsylvania. See 43 P.S. § 260.2a.

31. Pursuant to the WPCL, Plaintiff is entitled to "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a work week.

32. Pursuant to the WPCL, overtime and regular pay is due and payable by Defendant to Plaintiff on regular paydays. Defendant failed to pay Plaintiff the wages and overtime pay she was entitled to on regular paydays.

33. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

34. Defendant's acts and omissions constitute an illegal failure to pay wages and overtime in violation of the WPCL.

35. Plaintiff is entitled to penalties of 25% added onto her unpaid wages.

## Count III
**Violation of Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq***

36. All preceding paragraphs are incorporated herein as if set forth at length.

37. At all times relevant to this action, Plaintiff was an employee of Defendant under the PMWA, 43 P.S. § 333.103(h), and entitled to its protections.

38. At all times relevant to this action, Defendant was an employer under the PMWA, because it acted either directly or indirectly in the interest of itself, in relation to Plaintiff. See 43 P.S. § 333.103(g).

39. The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a work week.

40. The PMWA also entitles employees to be paid wages for all hours worked.

41. At all times relevant to this action, Plaintiff was not exempt from being entitled to straight time and overtime pay under the PMWA. Plaintiff is therefore entitled to payment for hours worked and one and one-half times her regular hourly rate for hours worked in excess of forty (40) in a work week.

42. At all times relevant to this action, Defendant employed Plaintiff and should have paid Plaintiff time and a half for hours worked in excess of forty hours, and straight time for all hours worked that were not in excess of forty hours.

43. In violation of the PMWA, Defendant failed to pay Plaintiff one and one-half times this regular hourly rate for hours worked in excess of forty (40) hours in a work week, and also failed to pay Plaintiff straight time for hours worked under (or equal to) forty (40) hours in a work week.

44. Defendant willfully and deliberately failed to pay Plaintiff wages and overtime compensation (i.e., at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week) in violation of the PMWA.

45. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

46. Defendant's acts and omissions constitute an illegal failure to pay wages and overtime in violation of the PMWA.

## COUNT IV
**Retaliation in of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201, *et seq***

47. All preceding paragraphs are incorporated herein as if set forth at length.

48. Retaliation for complaining of unlawful activity is protected under the FLSA's retaliation provision pursuant to 29 U.S.C.A § 215(a)(3).

49. Plaintiff engaged in a protected employee activity whenever she complained to Defendant about being under paid. Internal complaints are protected activities for the purposes of the FLSA.

50. The adverse action of termination was taken a short time after the protected activity of Plaintiff complaining about being unpaid.

51. There is a causal connection between the protected activity and the adverse action as shown by the short amount of time elapsing between Plaintiff's complaint and her termination

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for the following:

    a. Loss of wages/back pay;

    b. Front pay as deemed appropriate by the court;

    c. Liquidated damages against the Defendant as allowed by law;

    d. Additional punitive damages as allowed by law;

    e. Penalties associated under any statute;

    f. Plaintiff's legal fees and expenses;

    g. Pre-judgment and continuing interest;

    h. Court costs; and

    i. Other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/   Christi Wallace
Christi Wallace, Esq.
Pa ID: 313721
KRAEMER, MANES & ASSOCIATES LLC
US Steel Tower, 48th Floor
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5575 Direct
(412) 206-0834 Fax
cw@lawkm.com
